UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEVON JMAHL TUCKER,

    *Petitioner*,

v.

UNITED STATES, *et al.*,

    *Defendants*.

Civil Action No. 24-2859 (LLA)

**MEMORANDUM OPINION**

*Pro se* petitioner Devon Jmahl Tucker brings a "Bill for Equitable Relief," ECF No. 1, and moves under 28 U.S.C. § 1915 to proceed *in forma pauperis*. For the reasons explained below, the court will grant Mr. Tucker's motion to proceed *in forma pauperis* and dismiss the complaint without prejudice.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In addition, Rule 8(d) directs that

"[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (quoting *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996)). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Mr. Tucker refers to himself as "DeVon Jmahl Tucker©, the living man," and claims that he has been wrongfully assigned liabilities associated with the "artificial legal fiction" known as "DEVON TUCKER." ECF No. 1, at 1. He alleges that Defendants, spanning various government actors, officials, and entities, subjected him to "unjust legal proceedings in Washington, D.C., which lack proper due process protections under the Constitution and applicable equitable principles." *Id.* Mr. Tucker's allegations do not sufficiently notify the court or the parties of the precise nature of the legal claims. His claims are no more than conclusory assertions that Defendants harmed him in a variety of unspecified ways.

The court will therefore grant Mr. Tucker's motion to proceed *in forma pauperis* and dismiss the complaint without prejudice for failure to state a claim. A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   December 13, 2024